FILED
United States Court of Appeals
Tenth Circuit

March 9, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW MALEY,

    Defendant - Appellant.

No. 16-2016
(D.C. No. 2:13-CR-03696-RB-3)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **SEYMOUR**, and **KELLY**, Circuit Judges.
_____

Matthew Maley was charged with conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846; possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). After receiving three trial continuances that extended the start of trial more than seven months, Mr. Maley filed a fourth motion to continue, claiming he had hired new counsel who was unavailable during the scheduled trial date. The district court denied his motion, Mr. Maley proceeded to trial, and he was convicted on all five

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counts.  He appeals the district court's denial of his fourth motion for a continuance, and we affirm.

I.

Mr. Maley was arrested on December 4, 2013.  Jared Abrams and Steven Almanaza entered their appearances on his behalf on December 6 and December 19, respectively.  The district court scheduled the trial to begin on February 18, 2014, but Mr. Maley filed an unopposed motion on February 4 to continue trial for sixty days.  The court granted the motion and reset trial for April 14.

Due to a superseding indictment filed on March 19, the district court reset trial again, for May 19.  On April 23, Mr. Maley joined one of his co-defendants' unopposed motion to continue trial for sixty days, which the court granted, resetting trial for July 14.  Leading up to this new trial date, three of Mr. Maley's co-defendants pled guilty.  Mr. Maley flirted with doing the same but instead on July 14 he filed yet another motion to continue.  The next day, Mr. Almanza and Mr. Abrams filed motions to withdraw as counsel.  The court allowed Mr. Maley seven days to retain a new attorney but denied the motion to withdraw after Mr. Maley's efforts proved fruitless.  Instead, the court granted Mr. Maley's third motion to continue, resetting trial for September 15.  In so doing, the court noted that "[t]he attorney client relationship between Matthew Maley and counsel has deteriorated" and that "Mr. Maley has expressed that he and his family are actively seeking new counsel to handle the instant case."  Rec., vol. I at 51.  At a status conference on July 29, Mr. Almanza said that he had been contacted by Mark Resnick, an attorney based in Tucson, Arizona, who had expressed an intention to enter an

2

appearance and was just trying to work things out. At that time, the court warned Mr. Maley that the trial would go forward in September in any event.

On September 4, Mr. Abrams told the court that Mr. Maley had hired Mr. Resnick and that he and Mr. Almanza would remain as local counsel. The court commented that "[t]his matter has been pending since mid-July on this whole issue of new counsel. And even as of this morning, we're just assuming that's going to happen." Rec., vol. IV at 4. Nevertheless, the court reset trial for September 22.

On September 17, however, Mr. Maley filed his fourth motion to continue the trial, this time opposed by the government, stating that Mr. Resnick intended to represent him but he had a jury trial set in Tucson during Mr. Maley's trial date in New Mexico. In an attached email, Mr. Resnick said he would need a ninety-day continuance. In this final motion to continue, Mr. Maley cited *United States v. Gonzales-Lopez*, 458 U.S. 140, 144 (2006), for the proposition that "a Defendant has a right to choose which counsel shall represent him and should be afforded a fair opportunity to secure counsel of his own choice." Rec., vol. II at 20.

In its order denying Mr. Maley's most recent motion to continue, the district court explained how courts must balance a defendant's right to retain counsel of choice against the need to maintain the integrity of the judicial process. Applying the factors we set out in *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007), the court succinctly found the following:

> Consideration of these factors leads the Court to conclude that Mr. Maley's motion should be denied. First, Mr. Maley waited until three business days before the trial to file his motion. Over thirty-five witnesses

3

have been notified and the Court has cleared its calendar for the trial. Undoubtedly, a continuance would inconvenience the witnesses and the Court. Second, this is the fourth request for a continuance. The Court granted the defense's three prior requests for trial continuances. Third, Mr. Maley has never explained any reason for his delay in obtaining new counsel and he has never suggested a legitimate reason that would warrant such a lengthy delay. Fourth, Mr. Resnick has been in contact with current counsel and the Government since July 2014, yet he has failed to enter an appearance. Fifth, Mr. Almanza and Mr. Abrams are competent attorneys who are prepared to try the case. Sixth, Mr. Maley has failed to make a case for any material prejudice or substantial harm that would result from the denial of his request for a continuance. Seventh, while the trial may be lengthy, the charges are not complex. Finally, the facts specific to the case are that for two months the Court allowed Mr. Maley free rein to obtain new counsel with the only requirement being that he notify the Court of his progress, yet to date, on the eve of trial, Mr. Resnick has not entered an appearance. All of the factors deemed relevant by the Tenth Circuit weigh against Mr. Maley's request to continue the trial. Accordingly, Defendant's Motion to Continue Trial Set for September 22, 2014 will be denied.

Rec., vol. II at 29-30 (emphasis added).

Mr. Maley proceeded to trial with Mr. Abrams and Mr. Almanza, was convicted on all five counts, and now appeals.

II.

Mr. Maley's sole argument on appeal is that the district court deprived him of his constitutional right to counsel of choice by denying his fourth request for a continuance. We review a district court's denial of a continuance for abuse of discretion. *United States v. Trestyn*, 646 F.3d 732, 739 (10th Cir. 2011).

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have Assistance of Counsel for his defence." U.S. Const. amend. VI. "[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*,

4

548 U.S. 140, 144 (2006). "'Attorneys are not fungible;' often 'the most important decision a defendant makes in shaping his defense is his selection of an attorney.'" *United States v. Collins*, 920 F.2d 619, 625 (10th Cir. 1990) (quoting *United States v. Laura*, 607 F.2d 52, 56 (3d Cir. 1979); *United States v. Nichols*, 841 F.2d 1485, 1502 (10th Cir. 1988)). Not only is a deprivation of this right "complete" at the time of denial, "regardless of the quality of the representation [the defendant] received," *Gonzalez-Lopez*, 548 U.S. at 148, but it also qualifies as structural error, meaning it is not subject to harmless-error analysis, *id.* at 148-149, 152. Thus, "when [a] trial court *unreasonably or arbitrarily interferes* with a defendant's right to counsel of choice . . . a conviction cannot stand." *United States v. Holloway*, 826 F.3d 1237, 1242 (10th Cir. 2016) (quoting *United States v. Mendoza-Salgado*, 964 F.2d 993, 1016 (10th Cir. 1992)).

This right, however, "is not absolute." *United States v. McKeighan*, 685 F.3d 956, 966 (10th Cir. 2012). Specifically, in the context of a court's refusal to grant a continuance we must "balance[e] the defendant's 'constitutional right to retain counsel of . . . choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice.'" *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007) (alteration in original) (quoting *United States v. Mendoza-Salgado*, 964 F.2d 993, 1015 (10th Cir. 1992)).

> In striking that balance, we consider whether: 1) the continuance would inconvenience witnesses, the court, counsel, or the parties; 2) other continuances have been granted; 3) legitimate reasons warrant a delay; 4) the defendant's actions contributed to the delay; 5) other competent counsel is prepared to try the case; 6) rejecting the request would materially

5

prejudice or substantially harm the defendant's case; 7) the case is complex; and 8) any other case-specific factors necessitate or weigh against further delay.

*Id*.

As recounted above, the district court evaluated each factor we set out in *Flanders* and cogently concluded that Mr. Maley's motion for a continuance should be denied. The court clearly did not abuse its discretion in so doing.

We AFFIRM.

Entered for the Court


Stephanie K. Seymour
Circuit Judge